HENKIN v. FOUSEK.

(Circuit Court of Appeals, Eighth Circuit. January 9, 1920.)

No. 5164.

BANKRUPTCY ☜461—ALLOWANCE OF APPEAL BY BANKRUPT IN FORMA PAUPERIS.

Leave granted to a bankrupt to prosecute an appeal in forma pauperis from an order adjudging him in contempt for failure to comply with an order requiring him to pay over money to his trustee.

Appeal from the District Court of the United States for the District of South Dakota.

In the matter of Louis Henkin, bankrupt; Charles B. Fousek, trustee. On motion by bankrupt to prosecute appeal in forma pauperis. Granted.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

STONE, Circuit Judge. This is a motion to prosecute an appeal in forma pauperis. Because of the unusual situation in this case, it is advisable to state the views of the court upon this motion, in order that

the disposition now made may have no bearing upon the merits of the appeal when later presented to this court. This appeal is from an order adjudging appellant guilty of contempt in not obeying an order to pay over to the trustee in bankruptcy of his estate $6,000, which the court found belonged to that estate, and which appellant had secreted and refused to so pay over. The finding of the trial court is that appellant—

"now does have in his possession, or under his control, the said sum of money so concealed by him as aforesaid, and that he willfully and intentionally secretes, holds, and detains the same from the said trustee in bankruptcy, and his said creditors, in contempt of this court. * * *"

Among other assignments of error are several which challenge the sufficiency of the evidence in the contempt proceedings. As showing that appellant had, at the time he was ordered to pay over the above sum, that money, or that he has since that time been physically able to comply with such order. These contentions will apparently be strongly urged upon the hearing of the merits in this appeal. We think that we should not upon this motion prejudge or affect these important features of the appeal. However, it is necessary to carefully guard against an injustice to appellant in the direction of a denial of a hearing in this court on his appeal. Confronted by this situation, and guided by a solicitude to preserve appellant's right to a hearing in this court on the merits of his appeal, we have concluded to grant his motion to prosecute that appeal in forma pauperis, with the clear statement that such is done out of abundant caution for his rights, and with no intention of affecting in any wise the merits of that appeal.

It is so ordered.